UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** § | |
| § | |
| v. § | Crim. No. 1:25-cr-00879-JB |
| § | |
| **HERIBERTO SALAZAR AMAYA** § | |

**RESPONSE BY CURRENTLY APPOINTED COUNSEL TO
MOTION FOR SUBSTITUTION OF COUNSEL**

Comes now, Brock Benjamin, appointed counsel for Heriberto Salazar Amaya. In support of the Motion, the undersigned would show the following:

I.   **Background-**

Counsel was contacted by Christopher Lancaster and asked if he was available for an appointment. Counsel accepted the appointment. Counsel then appeared at the arraignment of Mr. Salazar on May 23, 2025. Subsequent to the arraignment, on May 30, 2025, Michael V. Severo filed a motion to substitute. The Court today issued an order for the undersigned to respond.

II.   **Argument-**

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right…to have the Assistance of Counsel for his defense." This guarantee encompasses not only the right to counsel in general, but also the more specific and foundational right of a defendant to <u>select</u> and <u>retain</u> counsel of choice. As the Supreme Court has consistently held, this right is central to the concept of a fair trial and a component of the defendant's autonomy.

In *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), the Supreme Court unequivocally affirmed that a violation of a defendant's right to chosen counsel is structural error—meaning that it defies harmless error analysis and mandates automatic reversal. The Court emphasized that "the right to select counsel of one's choice…has been regarded as the root meaning of the constitutional guarantee." The ability to secure legal representation of one's choosing allows the accused to maintain a level of personal agency and trust, which are indispensable in preparing and executing a defense strategy.

Moreover, in *Wheat v. United States*, 486 U.S. 153 (1988), the Court acknowledged the presumption in favor of a defendant's counsel of choice, recognizing the strong interest in individual liberty and autonomy in making this critical decision. While the Court permitted trial courts to override this right in limited circumstances to protect the integrity of proceedings—such as in cases of actual conflict of interest—it nonetheless emphasized that such exceptions must be narrowly construed.

This right is particularly acute in the federal system, where the stakes of criminal prosecution—liberty, reputation, and civil rights—are profound. The defendant's interest in choosing counsel who aligns with their strategic, linguistic, or cultural needs cannot be understated. This choice not only impacts the mechanics of defense, but also the defendant's sense of dignity and procedural justice.

Restrictions on this right must, therefore, be subject to strict scrutiny. A trial court's interference with the selection of retained counsel is justified only where there are compelling reasons, such as conflicts of interest, risk to the orderly administration of justice, or ethical

violations. Mere administrative convenience or speculative conflicts are insufficient grounds to deny this constitutional guarantee.

In sum, the right of a federal criminal defendant to retain counsel of choice is a substantive and indispensable component of the Sixth Amendment. It safeguards not merely effective assistance, but the broader constitutional values of autonomy, fairness, and the adversarial nature of our criminal justice system. Any infringement upon this right must be narrowly tailored and justified by compelling judicial interests, lest it result in the invalidation of the proceedings.

### III.    Conclusion-

It appears that Mr. Salazar or his family have hired Mr. Severo. Therefore, appointed counsel urges this court to accept the substitution of retained counsel and order the undersigned's withdrawal and termination.

Respectfully submitted,

*/s/ Brock Benjamin*
BROCK BENJAMIN
Attorney for Defendant
New Mexico Bar No. 141535
1013 E. San Antonio Ave.
El Paso, Texas 79901
Tel: 915-412-5858
Fax: 915-503-2224
E-Mail:  brock@brockmorganbenjamin.com

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this the 5th day of June, 2025, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and service to all CM/ECF registrants.

                                        */s/ Brock Benjamin*
                                        BROCK BENJAMIN