# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

### CLERK'S MINUTES

#### *BEFORE DISTRICT JUDGE JAMES O. BROWNING*

| | | | |
|---|---|---|---|
| **CR CASE NO.:** | 25-879 JB | **DATE:** | June 12, 2025 |
| **CASE CAPTION:** | *USA v. Salazar Amaya, et al.* | | |
| **CRD:** | K. Wild | **COURT REPORTER:** | J. Bean |
| **COURT IN SESSION:** | 1:01 p.m. | **COURT IN RECESS:** | 1:44 p.m. = :43 |

**TYPE OF PROCEEDING:** Motion Hearing (see below)

**COURT'S RULING/DISPOSITION:**

1. Defendant Heriberto Salazar-Amaya E*mergency* Ex Parte Application for Order Continuing Court Hearing; Declaration of Michael V. Severo [208] – **TO BE WITHDRAWN**
2. United States' Opposed Motion for an Order Designating This Case as Complex [153] – **DENIED**
3. United States' Opposed Motion to Extend Discovery Deadline [154] – **TO BE WITHDRAWN**
4. Opposed Motion for a Protective Order [155] – **INCLINED TO GRANT – WILL ENTER FORM OF ORDER SUBMITTED**

**ORDER CONSISTENT WITH COURT'S RULING TO BE PREPARED BY:**  See above

**ATTORNEYS PRESENT FOR PLAINTIFF(S):**

**Matthew McGinley/Raquel Ruiz/Blake Nichols/Elaine Ramirez**, AUSAs

**ATTORNEYS PRESENT FOR DEFENDANT(S):**

**Megan Matsunaga** (standing in for Deft. Heriberto Salazar Amaya*)

**Marshall Ray** (for Deft. Cesar Acuna-Moreno*)

**Paul Linnenberger** (appears at 1:15 p.m.) (for Deft. Bruce Sedillo)

**Susan Burgess-Ferrell** (for Deft. Vincent Montoya)

**Jon Stanford** (for Deft. Francisco Garcia)

**Diego Esquibel** (for Deft. David Anesi)

**Phillip Sapien** (for Deft. George Navarette-Ramirez)

**Nicholas Hart** (for Deft. Alex Anthony Martinez)

**Timothy Cornish** (for Deft. Jose Luis Marquez)

**Thomas Clark** (for Defendant Nicholas Tanner)

**John Anderson** (for Deft. Brian Sanchez) (on release)

**Carey Bahalla** (for Deft. Kaitlyn Young)

**Joseph Shattuck** (for Deft. Alan Singer)

**Gregory Acton** (for Deft. David Altamarino Lopez*)

**Not a Party (present per defense counsel's request):**

**Naomi Salazar** (for Deft. Misael Lopez-Rubio*)

<u>P</u><u>ROCEEDINGS</u>

**C**OURT IN SESSION:   **1:01** P.M.

**Court:**   Calls case. Counsel enter appearances. Interpreter, Humberto Orive, sworn (* = Defendants utilizing interpreting services).

### <u>DEFENDANT HERIBERTO SALAZAR-AMAYA *EMERGENCY* EX PARTE APPLICATION FOR ORDER CONTINUING COURT HEARING; DECLARATION OF MICHAEL V. SEVERO [208]</u>

**Court:** Understand Ms. Mitsunaga has had opportunity to speak with Mr. Severo. Asks if motion is still live or wish to withdraw?

**Ms. Mitsunaga:** Withdraws.

**Court:**   Requests submit notice of withdrawal.

No opposition by other parties to withdrawal.

### <u>UNITED STATES' OPPOSED MOTION FOR AN ORDER DESIGNATING THIS CASE AS COMPLEX [153]</u>

**Court:** Not inclined to grant at this time. Seems enough opposition will have to do things the long way for now. Understand Govt. needs 5 weeks to put their case on at trial. Understand why some are hesitant to buy into complex designation. Suggests rock along for a while and can come back to complex designation down the road if needed.

**1:09 p.m. Mr. McGinley:** Argues in support of motion. Case will be growing – will be superseding to add 4 more defendants and counts (12 currently). Approximately 20 wires – spans 5 stats – investigation spanning at least a year. 111 GB of discovery, so far, will grow to TB and does not include photos, case detail reports nor 54 cell phones seized with corresponding texts. There is pole cam footage and other discovery materials. Will be at least 20 expert witnesses and over 100 lay witnesses. Argues designation is separate and apart from severance or whether a defendant is less culpable by definition. Complex designation is the appropriate vehicle instead of sequential and piecemeal motions to continue given so many parties.

**Court:**   Agrees would not be appropriate to take up severance in context of complex designation.

**1:12 p.m. Mr. Carter:** Argues in response in opposition to motion. Client implicated in only 20 phone calls. At present, Govt. has not disclosed anything. Suggests investigative techniques do not make a matter complex. Waiting until information is disclosed and parties are better able to discuss what is actually in the record would be more appropriate course of action. No need to get into severance argument today. Client vigorously asserts right to speedy trial.

**1:16 p.m. Mr. Linnenberger:** Enters appearance; apologizes for being late.

**1:16 p.m. Ms. Bahalla:** Argues in response in opposition to motion. Have been provided no evidence pertaining to her client – nothing in wiretaps or 302s. Wants to proceed to trial quickly. Asserts speedy trial rights.

**1:18 p.m. Mr. Cornish:** Argues in response in opposition to motion. Complex designation would be premature. Believe some evidence Lea County authorities focused on his client and informed DEA of a trip to ABQ and one phone intercept that Govt. has told him about, so have hardly any evidence – suggests as to his client it is a stand-alone case given charged with one count of conspiracy probably based on seizure resulting from one phone call. Complex designation premature at best.

**Court:** Knows not all defendants filed a response – asks if any other defense counsel wish to speak on motion?

Counsel indicate there is not.

**1:21 p.m. Mr. McGinley:** Argues in reply in further support of motion – defense counsel is conflating the standard for complex designation with their individual cases. Statute does not address a case being more complex or less complex for each individual defendant – it is as to case as a whole. Believe bordering on severance and not whether the case is complex. Presumption to try co-defendants together and conspiracy cases are presumed to be tried together. On one hand they argue they do not have discovery and on the other oppose a motion for protective order.

**1:23 p.m. Court:** Designation is raised in context of Speedy Trial Act, so Court has to work to protect those provisions. Understand designation is for case and not individuals, but case is a composite of individual cases and have to begin to look at the individual defendants and not just a case. Denies motion at present time – may come back and visit when defendants begin to get some discovery – they may agree it is complex, but will handle the long way for now.

### UNITED STATES' OPPOSED MOTION TO EXTEND DISCOVERY DEADLINE [154]

**1:24 p.m. Court:** Given not designating complex, not inclined to grant motion. Know will take some time to get discovery out, but think the deadlines are good to try to get the Govt. to start moving as much of the discovery as it can to the defendants.

**1:25 p.m. Mr. McGinley:** Motion is somewhat moot – have disclosed 8,500 pages of discovery and really just waiting on a ruling on the protective order.

**Court:** Asks if motion can be withdrawn?

No opposition.

**Court:** Govt. should submit notice of withdrawal.

## OPPOSED MOTION FOR A PROTECTIVE ORDER [155]

**1:26 p.m. Court:** Inclined to grant motion – do think in a case like this it is very likely a protective order is going to be appropriate.

**1:27 p.m. Ms. Ruiz-Velez:** Argues in support of motion. Will be a lot of personally identifying information pertaining to defendants and other individuals – do not want that information to be improperly disseminated or misused. USAO is using new software, so if encounter problems with production will contact defense counsel to amend the protective order.

**Court:** Do not believe there is any written response to motion. Notice on Doc. 209 there is opposition – asks if defense counsel wish to argue?

**1:28 p.m. Mr. Sapien:** Argues in opposition to motion. Client's right to confrontation requires disclosure of the name of individual(s) making statement(s) – concerned about over-redaction.

**1:29 p.m. Mr. Hart:** Do not object to protective order putting in place – issue is what comes after the case related to returning information and destruction. Form of order has been circulated that agree to.

**1:31 p.m. Ms. Salazar:** No argument.

**1:31 p.m. Ms. Bhalla:** Want ability to challenge it later if need to.

**Court:** Understands. Requests form of order.

**Ms. Ruiz-Velez:** Submitted yesterday.

**Court:** Will get entered. Anything further?

**Mr. McGinley:** Requests defense counsel provide storage media hard drives so Govt. can start uploading the phone dumps. Asks if trial is still set on 6/23?

**Court:** Yes; if do not want on that date need motion to continue – only want one motion from defendants if they want it moved. Wants poll from defense counsel as to whether ready to go on 6/23.

**Mr. Hart and Ms. Bhalla:** At present, ready to go on 6/23. If big discovery dump could change mind.

**Mr. Cornish, Mr. Clark, Mr. Esquibel, Mr. Ray, Mr. Sapien, Mr. Shattuck, Mr. Stanford, Mr. Acton and Mr. Anderson indicate their client wants continued.**

**1:38 p.m. Court:** Superseding indictment may change the landscape, as well. Don't use motions to continue to address/argue serverance, just address straight away. Prefers continuance request comes in one motion – be sure to comply with *Toombs*. Anything further?

**1:40 p.m. Mr. McGinley:** Suggests when Court realistically has 5-8 weeks for trial is when will be ready.

**Court:** Will have to carve out the time. Probably cannot try more than 9 defendants at once, so parties should think about how to group the defendants.

**Mr. McGinley:** Will be 9 defendants for one trial and 9 for the next. Asks for firm trial setting.

**Court:** Parties need to talk, first. Anything further?

**Mr. Clark:** His client needs medical/psychiatric attention.

**Court:** Asks USMS to talk with Mr. Clark.

**Deputy USMS Barreras informs will take care of.**

**Mr. Acton:** How long to get discovery?

**Mr. McGinley:** First in, first out – couple hours for each defendant.

**COURT IN RECESS:    1:44 P.M.**