**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIM. NO. 1:25-CR-00879-JMC |
| | ) | |
| vs. | ) | |
| | ) | |
| **HERIBERTO SALAZAR-AMAYA, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MOTION IN LIMINE TO ADMIT TRANSCRIPTS OF RECORDED TELEPHONE CONVERSATIONS AND TEXT MESSAGES**[1]

The United States anticipates proving its case against the three remaining Defendants in this matter, Heriberto SALAZAR-AMAYA, George NAVARRETE-RAMIREZ, and Vincent MONTOYA (collectively Defendants) in part using lawfully intercepted wire and electronic communications to and from co-conspirators. These conversations will show that Defendants agreed with others to engage in a continuing criminal enterprise, conspired with others to distribute controlled substances, and possessed with intent to distribute controlled substances. The United States will seek to admit the recordings and text messages into evidence in their original format. It also seeks to provide jurors with transcripts of the calls and text messages. The United States hereby moves the Court for a pretrial order authorizing the use of transcripts of recorded telephone and text message conversations as aids to the jury.

[1] In an earnest attempt to comply with D.N.M.LR-Cr. 47.1, the United States provided a copy of this motion to counsel for Defendants on October 5, 2026, and specifically asked whether it was opposed. As of the date of this filing, Defendants have not responded.

## I. ARGUMENT

It is well established that the United States may use transcripts of telephone calls and text messages to aid the jury. The Tenth Circuit has repeatedly affirmed the admission of such transcripts, provided that a proper cautionary instruction is given and the original recordings are also admitted. *See United States v. Hooks*, 551 F.3d 1205, 1216 (10th Cir. 2009) ("Tenth Circuit law is well-settled that a district court has discretion in admitting the transcription of an audio recording."); *United States v. Gomez*, 67 F.3d 1515, 1526 (10th Cir. 1995) (collecting cases and commenting that "[t]he admission of transcripts to assist the trier of fact lies within the discretion of the trial court."); *United States v. Devous*, 764 F.2d 1349, 1354 (10th Cir. 1985) (same). In *United States v. Davis*, the district court admitted transcriptions of the defendant's conversations with a confidential informant. *United States v. Davis* 929 F.2d 554, 559 (10th Cir. 1991). The defendant objected, but the Tenth Circuit held that there was no abuse of discretion. *Id.* It explained that "the court gave a proper cautionary instruction to the jury, telling them that the tapes were the true evidence and that the transcripts were to be used only for clarification." *Id.*

Trial courts in this District have also routinely approved the use of transcripts as aids to the jury. *United States v. Woody*, 336 F.R.D. 293, 363-64 (D.N.M. 2020) (Browning, J.) (approving use of transcript as demonstrative and compiling prior cases with similar rulings by the Court). More generally, "[a]bsent abuse which clearly prejudices the defendant, the district court has discretion to permit the display of demonstrative exhibits during trial." *United States v. Hohn*, 606 F. App'x 902, 910 (10th Cir. 2015) (authorizing the use of demonstrative of composite photos of coconspirators) (citing *United States v. Downen*, 496 F.2d 314, 320 (10th Cir. 1974)); *see also United States v. Tee*, 881 F.3d 1258, 1262 and 1272-73 (10th Cir. 2018) (approving use of

demonstrative displaying screenshots from website with customer reviews of sexual activity at massage parlors).

Such exhibits are also contemplated by Federal Rule of Evidence 107, Illustrative Aids:

> The court may allow a party to present an illustrative aid to help the trier of fact understand the evidence or argument if the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time. Fed. R. Evid. 107.

Such exhibits are also contemplated by Instruction 1.40 of the Pattern Jury Instructions for the Tenth Circuit (2026 Edition):

> During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations.
>
> Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

Tenth Cir. Crim. Jury Instr. 1.40 (2026).

The best-evidence rule does not prohibit the introduction of these transcripts. *See* Fed. R. Evid. 1002. This Circuit's "unbroken practice" over the last forty years of allowing the use of transcripts where the recordings themselves are also admitted "comports with the best-evidence rule's plain meaning." *United States v. Chavez*, 976 F.3d 1178, 1195 (10th Cir. 2020).

Finally, unless agreed upon by Defendants, the Government will not seek to admit the transcripts, meaning transcripts will only be made available to the jury during deliberations if the parties agree. In either case, the Court can also provide a proper limiting instruction explaining

that the transcripts themselves are not evidence. The Court should presume that such an instruction will be followed. *See United States v. Brooks*, 736 F.3d 921, 941 (10th Cir. 2013).

## II. CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court issue a pretrial order authorizing the use of transcripts of recorded telephone and text message conversations as aids to the jury.

Respectfully submitted,

TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

ELAINE Y. RAMÍREZ
RAQUEL RUIZ-VELEZ
DAVID HIRSCH
BLAKE NICHOLS
Assistant United States Attorneys
201 3rd St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1473

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I filed the foregoing document electronically through the CM/ECF system, which caused counsel for the defendants to be served by electronic means.

*Electronically filed October 14, 2026*
BLAKE NICHOLS
Assistant United States Attorney