**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIM. NO. 1:25-CR-00879-JMC |
| | ) | |
| vs. | ) | |
| | ) | |
| **HERIBERTO SALAZAR-AMAYA, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MOTION IN LIMINE TO EXCLUDE REFERENCE TO NEWS MEDIA COVERAGE DURING TRIAL**[1]

The United States of America hereby moves the Court in limine for an order prohibiting Heriberto SALAZAR-AMAYA, George NAVARRETE-RAMIREZ, and Vincent MONTOYA (collectively Defendants) or their counsel from impermissibly referring to news media coverage during trial in this matter. Any such reference would be impermissible hearsay under Federal Rules of Evidence (Rules) 802 and 805, irrelevant under Rules 401 and 402, any such declarants lack the requisite personal knowledge under Rule 602, and the law is clear that the jury should not consider such evidence.

## I. LAW AND ARGUMENT

"'A motion *in limine* is a request for guidance by the court regarding an evidentiary question,' which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (quoting *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir.1983), *aff'd*, 469 U.S. 38, 105 (1984).

[1] In an earnest attempt to comply with D.N.M.LR-Cr. 47.1, the United States provided a copy of this motion to counsel for Defendants on October 14, 2026, and specifically asked whether it was opposed. As of the date of this filing, Defendants have not responded.

This case has received media coverage.[2] The government moves in limine to preclude Defendants or their counsel from impermissibly referencing such coverage, either in questions to witnesses or in argument to the jury, during trial in this matter.

**a. Media Coverage is Impermissible Hearsay**

Any media reporting itself constitutes out of court statements made by non-testifying declarants. Fed. R. Evid. 801. That reporting is thus impermissible hearsay and should be excluded. Fed. R. Evid. 802.

---

[2] *See, e.g.*, Zach Rael, *Federal agents take down one of largest fentanyl operations in history*, KOB4 (May 1, 2025, 10:24 PM), https://www.kob.com/news/top-news/federal-agents-take-down-one-of-largest-fentanyl-operations-in-history/ (last visited Oct. 7, 2026);

Alyssa Munoz, *Multi-state drug bust in New Mexico: More than 4 million fentanyl pills were seized in the bust*, KOAT ACTION NEWS 7 (May 2, 2025, 11:10 PM), https://www.koat.com/article/multi-state-drug-bust-in-new-mexico/64659344 (last visited Oct. 7, 2026);

Bianca Hoops, *"Largest fentanyl bust ever": DEA recovers millions of pills in Albuquerque*, KRQE NEWS (May 6, 2025, 4:31 PM), https://www.krqe.com/news/crime/largest-fentanyl-bust-ever-dea-recovers-millions-of-pills-in-albuquerque/ (last visited Oct. 7, 2026);

Michael Dorgan, *Bondi announces one of largest fentanyl seizures in US history; Bondi said that 409 kilos of fentanyl pills and 11.5 kilos of fentanyl powder, were seized*, FOX NEWS (May 6, 2025, 2:01 PM), https://www.foxnews.com/us/pam-bondi-announces-largest-fentanyl-seizure-us-history (last visited Oct. 7, 2026);

Kelly Hayes, *Pam Bondi announces "largest seizure" of fentanyl in US history*, LIVE NOW FOX (May 9, 2025, 8:14 AM), https://www.livenowfox.com/news/pam-bondi-largest-seizure-fentanyl-us-history-sinaloa-cartel-arrest (last visited Oct. 7, 2026);

Nick Catlin, *Trial ends after historic fentanyl bust in New Mexico*, KOAT ACTION NEWS 7 (Aug. 7, 2025, 9:40 PM) https://www.koat.com/article/new-mexico-trial-historic-fentanyl-bust/65631655 (last visited Oct. 7, 2026);

Jennifer McRae, *DEA shows off 1.7 million counterfeit pills in Colorado's largest single fentanyl seizure*, CBS NEWS (Nov. 17, 2025, 2:01 PM), https://www.cbsnews.com/colorado/news/dea-record-number-fentanyl-pills-seized-colorado/ (last visited Oct. 7, 2026);

Meredith Deliso, *1.7 million counterfeit fentanyl pills found in auctioned-off storage unit in Colorado; DEA: The registered owner of the unit was already in custody, authorities said*, ABC NEWS (Nov. 17, 2025, 3:23 PM), https://abcnews.com/US/17-million-counterfeit-fentanyl-pills-found-auctioned-off/story?id=127600321 (last visited Oct. 7, 2026);

Greg Norman, *Colorado authorities find 1.7M counterfeit fentanyl pills in auctioned-off storage unit: "Shocking discovery,"* FOX NEWS (Nov. 19, 2025, 12:34 PM), https://www.fox5ny.com/news/colorado-counterfeit-fentanyl-pills-auctioned-off-storage-unit (last visited Oct. 7, 2026).

> As the Tenth Circuit has explained in holding that statements reported in a newspaper article were hearsay, "[t]he fact that the statement was in the form of a newspaper account reinforces its hearsay character, for the final product is not the reporter's alone, and it was not demonstrated that the statements as reported were accurate."

*Taylor v. Thomas*, No. 18-CV-269-GKF-FHM, 2020 WL 2114363, at *4 (N.D. Okla. May 4, 2020) (quoting *New England Mut. Life Ins. Co. v. Anderson*, 888 F.2d 646, 650 (10th Cir. 1989)).

Any such reporting that contains or relies upon statements of others compounds the problem and constitutes hearsay within hearsay. Fed. R. Evid. 805. *See also*, *United States v. Fennell*, 381 F. Supp. 2d 1312, 1314-15 (D.N.M. 2005) (excluding journal and newspaper articles as impermissible hearsay under Rule 805). Any attempt to place evidence regarding news media reporting before the jury should be excluded as impermissible hearsay on multiple levels.

**b. Media Coverage is Irrelevant**

"The threshold requirement for the admission of evidence is that it have some probative value." *United States v. Larranaga*, 787 F.2d 489, 499 (10th Cir. 1986). Nothing in any of the reporting related to this case passes the test for relevant evidence; it has no "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Such irrelevant evidence is inadmissible. Fed. R. Evid. 402. Any attempt to place evidence regarding media coverage before the jury should be excluded as irrelevant.

**c. News Media Lacks Personal Knowledge**

As far as the government is aware, no news media personnel were personally involved in the underlying criminal conspiracy or embedded with federal law enforcement during the investigation and enforcement actions that form the basis of the present indictment. As such, members of the media lack the requisite personal knowledge to competently provide evidence in

this matter. Fed. R. Evid. 602. Any attempt to have their rendition of facts presented to this jury should be excluded on this basis.

Media coverage does not include sworn statements; even assuming that it was subject to those more stringent standards, media reporting would still lack the requisite personal knowledge to constitute admissible evidence and should be excluded. *See Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (affirming district court's decision to strike portions of sworn affidavit in summary judgment briefing that lacked appropriate personal knowledge under either Kansas Rules, Federal Rules of Civil Procedure, or Rule 602.)

**d. Jurors are Only to Consider Admissible Evidence at Trial**

"The outcome of a criminal trial is to be decided by impartial jurors, who know as little as possible of the case, based on material admitted into evidence before them in a court proceeding." *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1070 (1991).

The Pattern Jury Instructions for the Tenth Circuit (2026 Edition) reinforce this basic tenet and make clear that media coverage has no place therein:

> The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that [the Court] allowed into evidence, the stipulations that the lawyers agreed to, and the facts that [the Court has] judicially noticed.

Tenth Cir. Crim. Jury Instr. 1.06 (2026).

> Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

Tenth Cir. Crim. Jury Instr. 1.01 (2026).

Permitting Defendants or their counsel to place before the jury the very type of information that jurors are specifically instructed not to consider would be improper and should be precluded to preserve the impartial nature of the jury.

## II. CONCLUSION

For all of the above reasons, the United States respectfully requests that this Court issue a pretrial order prohibiting Defendants or their counsel from impermissibly referring to news media coverage during trial in this matter.

Respectfully submitted,

TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

ELAINE Y. RAMÍREZ
RAQUEL RUIZ-VELEZ
DAVID HIRSCH
BLAKE NICHOLS
Assistant United States Attorneys
201 3rd St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1473

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed the foregoing document electronically through the CM/ECF system, which caused counsel for the defendants to be served by electronic means.

*Electronically filed October 16, 2026*
BLAKE NICHOLS
Assistant United States Attorney