**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIM. NO. 1:25-CR-00879-JMC |
| | ) | |
| vs. | ) | |
| | ) | |
| **HERIBERTO SALAZAR-AMAYA, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MOTION IN LIMINE**
**TO PRESENT EVIDENCE FROM CERTAIN WITNESSES IN INSTALLMENTS**[1]

The United States hereby moves the Court in limine for an order allowing the government to present testimony from certain witnesses in installments as needed so that the jury can best understand the evidence, and in support of this motion states as follows:

## I. ARGUMENT

Under the Federal Rules of Evidence (Rules), "the [trial] court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a).

The order of proof at trial is within the sound discretion of the trial court. *See Geders v. United States*, 425 U.S. 80, 86 (1976); *United States v. Hernandez*, 829 F.2d 988, 994 (10th Cir. 1987); *United States v. Krohn*, 573 F.2d 1382, 1387 (10th Cir. 1978).

[1] Once again, pursuant to D.N.M.LR-Cr. 47.1, the United States provided a copy of this motion to counsel for Defendants on October 16, 2026, seeking their position thereon and advising that the motion would be filed on October 19, 2026. Defendants did not respond.

At Defendants' upcoming trial, the United States intends to offer testimony from at least three Special Agents with the Drug Enforcement Administration (DEA) regarding their involvement in the investigation, which spanned approximately eleven months. For instance, they participated in the wiretap investigations and the various drug seizures in this case. At least one of these Agents will also be proffered as an expert and a fact witness based upon multiple roles during the investigation (surveillance, searches, as well as specialized linguistic skills and experience with coded drug language in both Spanish and English). Because these witnesses had different roles in the investigation at different times, it makes sense to compartmentalize their testimony and recall those agents as needed, so that the evidence is presented in a cohesive and more-or-less chronological order so that jury can better understand the testimony and evidence in this long-term and multifaceted investigation.

A trial court has the discretion to permit a witness to testify in installments, including as both a fact and an expert witness, to avoid confusing the jury. *See United States v. Anchrum*, 590 F.3d 795, 803 (9th Cir. 2009) (permitting agent to testify in one phase as a fact witness and again later in the same trial as an expert witness). Courts in this District have also recognized that "it is possible for the same witness to provide both lay and expert testimony in a single case." *United States v. Gonzalez*, No. 1:22-CR-00896-MLG-3, 2024 WL 3373069, at *5 (D.N.M. July 11, 2024) (quoting *United States v. Caballero*, 277 F.3d 1235, 1247 (10th Cir. 2002)). Such testimony is permissible so long as the defendant has a full opportunity to cross-examine the witness each time he or she takes the stand. *See United States v. DeLuna*, 763 F.2d 897, 911-12 (8th Cir. 1985).

The United States submits that under the circumstances of this case it is appropriate under Rule 611(a) to permit the United States to present testimony from Agents in installments as needed to help the jury best understand the evidence. Permitting the United States to do this, while

allowing the Defendant a full opportunity to cross examine such witnesses during each phase of their testimony, would give the jury the best opportunity to understand the evidence while at the same time protecting the Defendant's right to confrontation.

## II. CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court issue a pretrial order authorizing the United States to present witness testimony in installments as needed so that the jury can best understand the evidence.

Respectfully submitted,

TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

ELAINE Y. RAMÍREZ
RAQUEL RUIZ-VELEZ
DAVID HIRSCH
BLAKE NICHOLS
Assistant United States Attorneys
201 3rd St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1473

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed the foregoing document electronically through the CM/ECF system, which caused counsel for the defendants to be served by electronic means.

*Electronically filed October 19, 2026*
BLAKE NICHOLS
Assistant United States Attorney