**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIM. NO. 1:25-CR-00879-JMC |
| | ) | |
| vs. | ) | |
| | ) | |
| **HERIBERTO SALAZAR-AMAYA, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MOTION IN LIMINE**
**TO PRECLUDE USE OF BURDEN OF PROOF DEMONSTRATIVES[1]**

The United States of America hereby moves the Court in limine for an order prohibiting Heriberto SALAZAR-AMAYA, George NAVARRETE-RAMIREZ, and Vincent MONTOYA (collectively Defendants) or their counsel from using any burden of proof demonstrative aid during trial in this matter, including during voir dire, opening statement, or closing argument. Any such demonstrative would be inaccurate, likely to mislead or confuse the jury, and encroaches on the Court's role of providing jurors with the applicable law.

## I. LAW AND ARGUMENT

"'A motion *in limine* is a request for guidance by the court regarding an evidentiary question,' which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (quoting *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir.1983), *aff'd*, 469 U.S. 38, 105 (1984). The United States respectfully requests that this Court issue a pretrial order prohibiting Defendants from using demonstrative aids

1 Pursuant to D.N.M.LR-Cr. 47.1, the United States provided a copy of this motion to counsel for Defendants on October 16, 2026, and sought their position, advising that the motion would be filed on October 19, 2026. The government received no response.

purporting to explain reasonable doubt. First, such demonstratives invade the province of this Court to supply the jury with the law. Second, and related, these types of demonstratives inaccurately state the law. Third, any such demonstrative would be irrelevant and confusing for jurors. Their use should be precluded in advance to avoid these issues at trial.

**a. Demonstratives Encroach on Court's Role**

"[T]he general common-law rule in criminal cases ... [is that it is] the right of the court to decide the law, and the duty of the jury to apply the law thus given to the facts…." *United States v. Jessen*, No. CR 24-1346 JB, 2026 WL 1693963, at *9 (D.N.M. June 11, 2026) (quoting Justice Harlan's 1895 opinion in *Sparf v. United States*, 156 U.S. 51, 98 (1895)). *See also United States v. Moran*, 493 F.3d 1002, 1008 (9th Cir. 2007) ("[I]nstructing the jury as to the applicable law is the distinct and exclusive province of the court."); *United States v. Grismore*, 546 F.2d 844, 849 (10th Cir. 1976) ("It is well-established that the court instructs the jury as to the rules of law and that the jury applies the facts as they find them to those rules.")

The Pattern Jury Instructions for the Tenth Circuit (2026 Edition) further make it clear that it is this Court, not counsel for the respective Defendants, that is to instruct the jury on the law. "[The Court is] the judge of the law… It is also [the Court's] duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict." Tenth Cir. Crim. Jury Instr. 1.03 (2026).

Those instructions plainly state that it is the jury's responsibility to follow the law as it is provided to them by this Court, not as provided by Defendants. "It is your duty to apply the law as [the Court] explain[s] it to you." Tenth Cir. Crim. Jury Instr. 1.04 (2026).

Those instructions provide the appropriate definition for jurors of what reasonable doubt is, and what it is not:

> The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find the defendant not guilty.
>
> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

Tenth Cir. Crim. Jury Instr. 1.05 (2026).

Any attempt by Defendants to utilize a demonstrative that deviates from the Tenth Circuit's instruction on reasonable doubt encroaches on this Court's role of instructing the jury on the law. It is appropriate for counsel to argue the facts as they apply to the law given but it is inappropriate for counsel to attempt to redefine what the Court has told the jury that the law is. It is particularly inappropriate for counsel to do so using an exhibit that will create a lasting visual impression with the jury. The Court will read the jury the instruction defining reasonable doubt. That instruction requires no supplementation; any demonstrative attempting to further define reasonable doubt or burdens of proof would be inconsistent with the Court's role as the law giver.

**b. Demonstratives Legally Inaccurate**

While there are many levels of certainty in common parlance, there is but one required for a criminal conviction—beyond a reasonable doubt. *See* Tenth Cir. Crim. Jury Instr. 1.05 (2026). Many of the types of demonstratives purporting to further define reasonable doubt or establish burdens of proof either use terminology that is not legally cognizable to describe that phrase and make it seem insurmountable, *see*, *e.g.*, Exhibits 1-11; or list varying levels of proof required for

different stages in criminal or civil proceedings that are inapplicable here. *See*, *e.g.*, Exhibits 12-22. Some demonstratives try to apply percentages. Some refer to reasonable doubt on a sliding temperature scale, applying an arbitrary gauge to that term. All are legally inaccurate and misleading and should be prohibited.

Additionally, many of these types of demonstratives leave no room above guilt beyond a reasonable doubt for any higher levels of proof. Implying, incorrectly, that beyond a reasonable doubt is the highest conceivable certainty. *See* Tenth Cir. Crim. Jury Instr. 1.05 (2026) ("the law does not require proof that overcomes every possible doubt"); *see also United States v. Jacobson*, 578 F.2d 863, 866 (10th Cir. 1978) ("In defining reasonable doubt, [i]t is not required that the government prove guilt beyond all possible doubt.") (internal quotations omitted).

**c. Demonstratives Irrelevant and Confusing**

"The threshold requirement for the admission of evidence is that it have some probative value." *United States v. Larranaga*, 787 F.2d 489, 499 (10th Cir. 1986). The types of demonstrative aids referenced herein do not have any "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Such irrelevant evidence is inadmissible. Fed. R. Evid. 402. Any attempt to display these types of graphics to the jury should be excluded as irrelevant.

Many of the demonstratives that are widely available use synonymous terms; for instance, "unlikely" and "probably not" are indistinguishable. Parsing out these synonyms and stacking one atop the other creates a misleading visual impression with the phrase "beyond a reasonable doubt" sitting above a tower of arbitrary lower standards (none of which are recognized legal standards). Further, all of the lower phrases might be thought of as lesser included levels within "beyond a reasonable doubt," thus confusing jurors who may (by way of example only) have a "strong belief in guilt," see Exhibit 2, but wonder whether his or her level of certainty meets the legal standard.

Fundamentally, such demonstratives are flawed because they attempt, in a deliberately misleading way, to reduce to a concept so famously difficult to quantify as "beyond a reasonable doubt" to concrete building blocks. Demonstratives attempting to define burdens of proof or reasonable doubt fail to serve the function of a demonstrative aid; they do not help the jury to understand anything at issue in the case. A jury is more likely to be confused than assisted by the use of such a demonstrative.

This District has dealt with Defendants attempting to use such demonstratives before. In assessing whether there was any chance that such demonstratives would assist the jury and looking at prior attempts to further explain reasonable doubt, this District has found that, in addition to some attempts creating reversible error, "the Court is unaware of an instance in which an appellate court found that an explanation supplementing a proper definition of 'reasonable doubt' was actually helpful." *United States v. Burciaga*, No. 08 CR 1541 MV, 2013 WL 12164757, at *2 (D.N.M. May 1, 2013) (compiling and assessing multiple circuits examining attempts to define reasonable doubt).

Further, "[t]he Supreme Court has recognized that '[a]ttempts to explain the term 'reasonable doubt' do not usually result in making it any clearer to the minds of the jury.'" *United Burciaga*, 2013 WL 12164757, at *2 (quoting *Holland v. United States*, 348 U.S. 121, 138 (1954) (internal quotations omitted).

Accordingly, this District has excluded attempts to utilize such demonstratives, finding them inadmissible under Rule 403. *Burciaga*, 2013 WL 12164757, at *2.

## II. CONCLUSION

For all of the above reasons, the United States respectfully requests that this Court issue a pretrial order prohibiting Defendants or their counsel from using any burden of proof demonstrative aid during trial in this matter, including during voir dire, opening statement, or closing argument.

Respectfully submitted,

TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

ELAINE Y. RAMÍREZ
RAQUEL RUIZ-VELEZ
DAVID HIRSCH
BLAKE NICHOLS
Assistant United States Attorneys
201 3rd St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1473

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I filed the foregoing document electronically through the CM/ECF system, which caused counsel for the defendants to be served by electronic means.

*Electronically filed October 16, 2026*
BLAKE NICHOLS
Assistant United States Attorney