**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIM. NO. 1:25-CR-00879-JMC |
| | ) | |
| vs. | ) | |
| | ) | |
| **HERIBERTO SALAZAR-AMAYA, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

**UNITED STATES' MOTION IN LIMINE TO PROHIBIT DEFENSE COUNSEL FROM MAKING IMPROPER COMMENTARY TO THE JURY**[1]

The United States of America hereby moves the Court in limine for an order prohibiting counsel for Heriberto SALAZAR-AMAYA, George NAVARRETE-RAMIREZ, and Vincent MONTOYA (collectively Counsel) from making commentary (directly or indirectly) to the venire panel or to the seated jury at any time during the above-captioned proceedings (to include voir dire, opening statement, questions of witnesses, any spoken objections or responses thereto, and closing argument) concerning Counsels' historical or autobiographical narrative (i.e. schools attended, bar affiliations, memberships in legal, political, or other organizations, cases handled, personal achievements or experiences, qualifications, professional background and insight, prior associations, etc.).

## I. LAW AND ARGUMENT

'A motion *in limine* is a request for guidance by the court regarding an evidentiary question,' which the court may provide at its discretion to aid the parties in formulating trial

[1] Pursuant to D.N.M.LR-Cr. 47.1, the United States provided a copy of this motion to counsel for Defendants on October 19, 2026, and sought their position, advising that the motion would be filed at the close of business on October 20, 2026. The government received no response.

strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (quoting *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir.1983), *aff'd*, 469 U.S. 38, 105 (1984). The government respectfully requests a pretrial order precluding inappropriate commentary by Counsel.

**a. Counsel's Experience, Achievements, and Accolades**

All three remaining trial Counsel possess significant experience, have earned attendant recognition in their field, and are members of numerous associations and boards.

Attorney Michael Severo has been practicing law since 1976, is admitted to practice in at least ten jurisdictions, is a member of numerous bar associations and has received numerous awards and recognitions. *See*, *e.g.*, summary biography below.[2]



Michael V. Severo

Email: **msevero@mvslaw.com**

**Practice Areas:** Trial and Appellate Criminal Defense (100%).

**Admitted:** 1976, California; U.S. District Court, Central, Northern, Eastern and Southern Districts of California; U.S. District Court, Eastern District of Michigan; U.S. District Court, Eastern District of Wisconsin; U.S. Court of Appeals, Ninth Circuit.

**Law School:** Whittier College School of Law, J.D., 1976

**College:** California State University, Los Angeles, B.A., 1970

**Member:** Los Angeles County Bar Association (Member, Criminal Justice Section); American Bar Association; National Association of Criminal Defense Lawyers; The Association of Trial Lawyers of America.

**Biography:** Criminal Defense Super Lawyer, 2006. Recipient, Stephen S. Weisman Scholarship Award. Pasadena Top Criminal Defense Attorney, 2011. Selected as "10 Best Criminal Law Attorneys" in California.

**Languages:** Spanish.

[2] https://www.mvslaw.com/michael-severo (last visited Oct. 19, 2026).

Attorney Mary Stillinger has been practicing law since 1988, is admitted to practice in 14 jurisdictions, is a member of numerous bar associations, has clerked for the federal bench, and has received numerous awards and recognitions. *See*, *e.g.*, summary biography below.[3]

STILLINGER & GODINEZ
ATTORNEYS AT LAW, PLLC

## MARY STILLINGER

Mary Stillinger is an attorney at the firm with thirty years of experience in criminal and civil law. Ms. Stillinger began her career as a law clerk to the Honorable Philip T. Cole, United States Magistrate Judge, Western District of Texas, El Paso Division, from August 1987 to September 1988. She was an associate at Caballero, Panetta and Ortega from September 1988 to February 1994 where she practiced primarily in federal courts. Ms. Stillinger has since spent the past twenty-three years as a solo practitioner in which she has tried over seventy felony trials, has written briefs for over fifty federal appeals in addition to handling thousands of federal felony cases and state felony and misdemeanor cases.

Attorney Susan Burgess-Farrell has been practicing law since 1991, is admitted to practice in at least three jurisdictions, has served as a law professor, and has sat on legal commissions. *See*, *e.g.*, summary biography below.[4]

---

[3] https://stillingergodinez.com/mary-stillinger/ (last visited Oct. 19, 2026).
[4] http://www.burgessporterlaw.com/index.php?page=team (last visited Oct. 19, 2026).



SUSAN BURGESS-FARRELL
Managing Partner

**Susan Burgess-Farrell has over 24 years of experience winning in court for her clients.**

Susan L. Burgess-Farrell is a graduate from the prestigious University of New Hampshire Law School. She began her legal practice when she won a prominent position with the Legal Aid Society in Manhattan, New York City, handling criminal defense cases. In New York City, Ms. Burgess-Farrell gained extensive experience in criminal trials and in litigating constitutional law issues in cases from low-level felonies up to homicides.

In 1997, Ms. Burgess Farrell began defending clients charged with felony offenses in New Mexico. Through her successful trial work and adept management skills with the New Mexico Public Defender, she quickly rose in the ranks and ultimately supervised over 100 attorneys practicing criminal law. In her leadership position, Ms. Burgess-Farrell worked closely with the judges of the Albuquerque metropolitan area, and developed a reputation as a zealous advocate for her clients. During her leadership positions, Ms. Burgess-Farrell's caseload was composed of the most serious cases including child abuse, sexual assaults, drug trafficking and homicides.

Ms. Burgess-Farrell's involvement in the New Mexico criminal justice system also includes:
- Adjunct Professor, University of New Mexico's School of Law, Criminal Law in Practice Court. 2006-2014.
- Bernalillo County Criminal Justice Review Commission. 2012-2014.
- Member, New Mexico Commission on DNA Oversight. 2010-2014

In 2015, Ms. Burgess-Farrell partnered with her long-time colleague Barry Porter and opened Burgess and Porter Law, LLC. The primary focus of the law office is defending the constitutional rights of citizens in both criminal and civil courts. The guiding philosophy of Burgess and Porter Law is to provide assertive legal representation of the highest quality in order to bring forth a winning result for every client.

While Counsel are understandably proud of these prior experiences and any well-earned accolades, any such autobiographical reference or commentary based upon their experience or standing in the legal community would be improper at trial in this matter.

**b. Jury Instructions Clear: Attorney Statements Not Appropriate Evidence**

The Pattern Jury Instructions for the Tenth Circuit (2026 Edition) are clear that commentary by Counsel is not appropriate evidence at trial:

> The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that [the Court] allowed into evidence, the stipulations that the lawyers agreed to, and the facts that [the Court has] judicially noticed.
>
> Nothing else is evidence. The lawyers' statements and arguments are not evidence.

Tenth Cir. Crim. Jury Instr. 1.06 (2026).

**c. Federal Rules of Evidence Preclude Such Statements**

The Federal Rules of Evidence (Rules) preclude such commentary for several reasons. Counsel will not (presumably) be sworn, and any statements they make in the vein described above

would be impermissible hearsay. Such commentary is also irrelevant to the facts adduced at trial and, if permitted, would be confusing and misleading to the jury.

Any autobiographical commentary by non-testifying Counsel would be definitionally hearsay. Fed. R. Evid. 801. Such commentary is impermissible and should be excluded. Fed. R. Evid. 802.

"The threshold requirement for the admission of evidence is that it have some probative value." *United States v. Larranaga*, 787 F.2d 489, 499 (10th Cir. 1986). Commentary from Counsel has no "tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Such autobiographical references bear no relation to Defendants or the criminal conduct with which they are charged and cannot, by definition, make the existence of any fact that is of consequence in this case more or less probable. Accordingly, such irrelevant commentary is inadmissible and should be precluded. Fed. R. Evid. 402.

Even assuming that there was some relevance to Counsels' experience, it would necessarily come from cases and experience beyond the instant matter and would inject collateral information into this trial, thereby confusing and misleading the jury. It should also be precluded under Rule 403 for that reason. Fed. R. Evid. 403.

Furthermore, any autobiographical references by Counsel would serve only to improperly bolster their arguments and presentation and would be unfairly prejudicial to the government's case. It should also be precluded under Rule 403 for that reason. Fed. R. Evid. 403.

**d. Relevant Rules of Professional Conduct Preclude Such Statements**

Commentary by non-testifying Counsel is disallowed by the American Bar Association's (ABA) Model Rules and by the respective rules of professional conduct in every jurisdiction in

which Counsel is barred. The language has some minor variations, but the relevant portions are nearly identical.

ABA Model Rule: “A lawyer shall not in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, … or the guilt or innocence of an accused.” Model Rules of Pro. Conduct r. 3.4(e) (A.B.A. 2026).

California Rule: “A lawyer shall not in trial, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the guilt or innocence of an accused.” Cal. Rules of Professional Conduct, r. 3.4 (g) (2026).

Texas Rule: “A lawyer shall not state or allude to any matter that the lawyer does not reasonably believe is relevant to such proceeding or that will not be supported by admissible evidence, or assert personal knowledge of facts in issue except when testifying as a witness; state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused….” Tex. Disciplinary Rules of Prof'l Conduct r. 3.04(c)(2)-(3).

New York Rule: “A lawyer shall not in appearing before a tribunal on behalf of a client: state or allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence; assert personal knowledge of facts in issue except when testifying as a witness; [or] assert a personal opinion as to the justness of a cause, the credibility of a witness, … or the guilt or innocence of an accused….” 22 NYCRR 1200.3.4(d)(1)-(3) (2026).

Although the New Mexico Rules of Professional Conduct do not contain a choice-of-law provision, New Mexico courts generally apply *lex loci delicti* to resolve choice of law questions.

*See*, *e.g.*, *Louis v. United States*, 54 F. Supp. 2d 1207, 1211 (D.N.M. 1999) (expressing New Mexico's strong presumption in favor of application of the place-of-the wrong rule, and the exception, where application of the rule would violate the public policy of New Mexico). This matter is pending before the U.S. District Court for the District of New Mexico, which sits in New Mexico and has adopted the New Mexico Rules. *See* D.N.M.LR-Cr. 57.2.

New Mexico Rule: "A lawyer shall not in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, … or the guilt or innocence of an accused." Rule 16-304(E) NMRA (2026).

## II. CONCLUSION

For all of the above reasons, the United States respectfully requests that this Court issue a pretrial order prohibiting Counsel from making commentary (directly or indirectly) to the venire panel or to the seated jury at any time during the above-captioned proceedings (to include voir dire, opening statement, questions of witnesses, any spoken objections or responses thereto, and closing argument) concerning Counsels' historical or autobiographical narrative (i.e. schools attended, bar affiliations, memberships in legal, political, or other organizations, cases handled, personal achievements or experiences, qualifications, professional background and insight, prior associations, etc.).

Respectfully submitted,

TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

ELAINE Y. RAMÍREZ
RAQUEL RUIZ-VELEZ
DAVID HIRSCH
BLAKE NICHOLS
Assistant United States Attorneys
201 3rd St. NW, Suite 900
Albuquerque, NM 87102
(505) 224-1473

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I filed the foregoing document electronically through the CM/ECF system, which caused counsel for the defendants to be served by electronic means.

*Electronically filed October 20, 2026*
BLAKE NICHOLS
Assistant United States Attorney